## In the Matter of Regina M. POORE.
### No. 49S00–0301–DI–19.

Supreme Court of Indiana.

July 26, 2004.

### ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING

Comes now the respondent, Regina M. Poore, and tenders to this Court her resignation from the bar of this State, pursuant to Ind.Admission and Discipline Rule 23, Section 17.

And this Court, being duly advised, now finds that the tendered resignation satisfies the requirements of Admis.Disc.R. 23(17), and that, accordingly, it should be accepted.

IT IS, THEREFORE, ORDERED that the resignation from the bar of this state tendered by the respondent, Regina M. Poore, is hereby accepted. Accordingly, the Clerk of this Court is directed to strike her name from the Roll of Attorneys. In order to be readmitted, she must comply with the reinstatement provisions contained in Admis.Disc.R. 23(4).

IT IS FURTHER ORDERED that, by virtue of the respondent's resignation from the bar of this state, all attorney disciplinary proceedings pending against her are hereby dismissed as moot.

The Clerk of this Court is directed to forward notice of this Order to the respondent or her attorney, to the Indiana Supreme Court Disciplinary Commission; and to all other entities pursuant to Admis.Disc.R. 23(3)(d).

All Justices concur.

■

## BALLARD, Robert, Appellant,

v.

## STATE of Indiana, Appellee.
### No. 24S01–0407–CR–332.

Supreme Court of Indiana.

July 28, 2004.

### PUBLISHED ORDER

This matter is before us on appellant's petition to transfer jurisdiction pursuant to Appellant Rule 56(B).

After being convicted of voluntary manslaughter as a Class A felony, appellant was sentenced to an enhanced term of forty years. *See* Ind.Code §§ 35–42–1–3; 35–50–2–4. The trial court suspended ten years of the enhanced sentence subject to certain conditions.

Appellant raised the enhanced sentence as an issue in this appeal. A unanimous Court of Appeals concluded that the misdemeanors in appellant's criminal history were not significant aggravators sufficient to justify an enhanced sentence, and reduced the sentence to the presumptive term of thirty years. *Ballard v. State,* 808 N.E.2d 729, 736 (Ind.Ct.App.2004). In doing so, however, the Court of Appeals failed to reinstate the ten-year period of suspension. We do so now.

Accordingly, the petition to transfer is granted. Appellant's sentence shall be the presumptive term of thirty years with ten of those years suspended. The Court of Appeals opinion is otherwise summarily affirmed. *See* App. R. 58(A)(2).

All Justices concur.